<u>**PLAINTIFF'S JURY INSTRUCTION A**</u>

<u>**Instructions at Beginning of Trial - Contact with Others**</u>

Before we start the trial, let me give you a few "rules of the road."

First, please do not discuss the case with anyone. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site or other feature. If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as [date], that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet. And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed. Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

4 Modern Federal Jury Instructions-Civil P 71.02 (2019) ("Instruction 71–15 Contact with Other")

## <u>PLAINTIFF'S JURY INSTRUCTION B</u>

**Juror Attentiveness**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

4 Modern Federal Jury Instructions-Civil P 71.01 (2019) ("Instruction 71–1 Juror Attentiveness")

## PLAINTIFF'S JURY INSTRUCTION C

**Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

4 Modern Federal Jury Instructions-Civil P 71.01 (2019) ("Instruction 71–3 Role of the Jury")

## **PLAINTIFF'S JURY INSTRUCTION D**

**Juror Oath**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

4 Modern Federal Jury Instructions-Civil P 71.01 (2019) ("Instruction 71–4 Juror Oath")

## PLAINTIFF'S JURY INSTRUCTION E

**Jury To Disregard Court's View**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

4 Modern Federal Jury Instructions-Civil P 71.01 (2019) ("Instruction 71–5 Jury To Disregard Court's View")

## **PLAINTIFF'S JURY INSTRUCTION F**

**Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

4 Modern Federal Jury Instructions-Civil P 71.01 (2019) ("Instruction 71–6 Conduct of Counsel")

## **PLAINTIFF'S JURY INSTRUCTION G**

**Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

4 Modern Federal Jury Instructions-Civil P 71.01 (2019) ("Instruction 71–10 Sympathy")

## **PLAINTIFF'S JURY INSTRUCTION H**

**Burden of Proof-General Instruction**

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint (e.g., by a preponderance of the evidence). (If applicable: Similarly, with respect to the counterclaims that have been made by the defendant, the burden of proof is upon the defendant to prove the material allegations of those counterclaims (e.g., by a preponderance of the evidence).)

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant. (If applicable: By the same token, if you find that the defendant has carried his burden of proof with respect to each of the elements of his counterclaims, then you must find for the defendant.)

(If affirmative defense is alleged, add: If upon a consideration of all the facts on the issue of (e.g., the defendant's negligence) you find that the plaintiff has failed to sustain the burden cast upon it, then you should proceed no further and your verdict must be for the defendant. If, however, you find that the plaintiff has sustained the burden on this issue, then you should proceed to consider the issue of (e.g., contributory negligence). In this regard, the burden is upon the defendant to establish the affirmative defense (e.g., of contributory negligence by a preponderance of the evidence).)

If you determine that the defendant has sustained its burden of establishing the affirmative defense, then you should proceed no further and your verdict must be for the defendant. If, however, you find that the plaintiff has established the essential elements of his case and that the defendant has not sustained his burden of the affirmative defense, then you should proceed to consider the issue of damages.

4 Modern Federal Jury Instructions-Civil P 73.01 (2019) ("Instruction 73-1 Burden of Proof-General Instruction")

## PLAINTIFF'S JURY INSTRUCTION I

**What Is and Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

4 Modern Federal Jury Instructions-Civil P 74.01 (2019) ("Instruction 74-1 What Is and Is Not Evidence")

## PLAINTIFF'S JURY INSTRUCTION J

**Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

4 Modern Federal Jury Instructions-Civil P 74.01 (2019) ("Instruction 74-2 Direct and Circumstantial Evidence")

## **PLAINTIFF'S JURY INSTRUCTION K**

**Judicial Notice**

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict.

4 Modern Federal Jury Instructions-Civil P 74.02 (2019) ("Instruction 74-3 Judicial Notice")

## **PLAINTIFF'S JURY INSTRUCTION L**

**Habit**

There has been evidence introduced in this case concerning the habits of plaintiff (or defendant or other persons and/or the routine practices of organizations). This evidence may be considered by you in determining whether the plaintiff acted in conformity with that habit (or routine practice) on the occasion in question. The weight you give to habit evidence, if any, is entirely up to you, since you are the sole judges of the facts.

4 Modern Federal Jury Instructions-Civil P 74.03 (2019) ("Instruction 74-6  Habit")

## PLAINTIFF'S JURY INSTRUCTION M

**Statements by Patient to Doctor**

You have heard testimony concerning statements made by John Kinlaw, who was a patient, for the purpose of facilitating medical diagnosis or treatment. These statements included descriptions of the patient's medical history and symptoms and the general cause of his illness. You may consider these statements as evidence of the facts stated. It is up to you, the jury, to decide what weight, if any, to give these statements, just as you would any other evidence.

4 Modern Federal Jury Instructions-Civil P 74.05 (2019) ("Instruction 74-10 - ¶ 74.05-Statements by Patient to Doctor") (Edited to fit the evidence and witnesses in the case)

## <u>PLAINTIFF'S JURY INSTRUCTION N</u>

**Summaries and Charts Not Admitted as Evidence**

The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

4 Modern Federal Jury Instructions-Civil P 74.06 (2019) ("Instruction 74-12 Summaries and Charts Not Admitted as Evidence")

## PLAINTIFF'S JURY INSTRUCTION O

**Preponderance of the Evidence**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

4 Modern Federal Jury Instructions-Civil P 73.01 (2019) ("Instruction 73-2 Preponderance of the Evidence")

## <u>PLAINTIFF'S JURY INSTRUCTION P</u>

**Witness Credibility**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. (If applicable: It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.) In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

4 Modern Federal Jury Instructions-Civil P 76.01 (2019) ("Instruction 76 1 Witness Credibility") (Edited for brevity and to avoid redundancy with subsequent instructions)

## PLAINTIFF'S JURY INSTRUCTION Q

**Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

4 Modern Federal Jury Instructions-Civil P 76.01 (2019) ("Instruction 76-2 Bias")

## <u>PLAINTIFF'S JURY INSTRUCTION R</u>

**Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

4 Modern Federal Jury Instructions-Civil P 76.01 (2019) ("Instruction 76-3 Interest in Outcome")

## <u>PLAINTIFF'S JURY INSTRUCTION S</u>

**Party Bound by His Own Testimony**

When one of the parties testifies unequivocally to facts within his own knowledge, those statements of fact and the necessary inferences from them are binding upon him. He cannot rely on other evidence in conflict with his own testimony to strengthen his case.

However, you must consider his testimony as a whole, and you must consider a statement made in one part of his testimony in the light of any explanation or clarification made elsewhere in his testimony.

1 Virginia Model Jury Instructions - Civil Instruction No. 2.060 (2019) ("Party Bound by His Own Testimony")

## **PLAINTIFF'S JURY INSTRUCTION T**

**Adverse Witness**

The plaintiff called the defendant as an adverse witness. The plaintiff is bound by as much of the defendant's testimony given as an adverse witness as is clear, logical, reasonable, and uncontradicted.

The plaintiff is not bound by any of the defendant's testimony given as an adverse witness that conflicts with any of the other evidence in the case.

1 Virginia Model Jury Instructions - Civil Instruction No. 2.030 (2019) ("Adverse Witness")

## PLAINTIFF'S JURY INSTRUCTION U

**Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

4 Modern Federal Jury Instructions-Civil P 76.01 (2019) ("Instruction 76-4 Discrepancies in Testimony")

## PLAINTIFF'S JURY INSTRUCTION V

**Impeachment by Prior Inconsistent Statements**

You have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

4 Modern Federal Jury Instructions-Civil P 76.01 (2019) ("Instruction 76-5 Impeachment by Prior Inconsistent Statements")

## PLAINTIFF'S JURY INSTRUCTION W

**Impeachment by Felony Conviction**

You have heard the testimony of a witness who was previously convicted of a crime punishable by more than one year in jail. This prior conviction was put into evidence only for you to consider in evaluating the witness's credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his or her testimony to accept and what weight, if any, it should be given.

4 Modern Federal Jury Instructions-Civil P 76.01 (2019) ("Instruction 76-6 Impeachment by Felony Conviction")

## PLAINTIFF'S JURY INSTRUCTION X

**Expert Witnesses—Generally**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

4 Modern Federal Jury Instructions-Civil P 76.01 (2019) ("Instruction 76-9 Expert Witnesses—Generally")

## PLAINTIFF'S JURY INSTRUCTION Y

**Conflicting Expert Testimony**

You have heard testimony of witnesses who were called by each side to give their opinion about whether Dr. Nwaokocha was negligent and whether said negligence proximately caused any of John Kinlaw's injury or damages. You have also heard testimony of witnesses who were called by each side to give their opinion about John Kinlaw's vocational capabilities and the calculation of his economic damages.

The witnesses who testified in this case did so in order to assist you in reaching a decision on the issue of whether Dr. Nwaokocha was negligent and whether John Kinlaw is entitled to damages in this case.

The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts and their testimony relates to a question of fact—that is, whether John Kinlaw is entitled to damages; so, it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, because they gave their opinions, you should consider the soundness of each opinion, the reasons for the opinion, and the witness's motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence. You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment, and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

4 Modern Federal Jury Instructions-Civil P 76.01 (2019) ("Instruction 76-10 Conflicting Expert Testimony") (modified for Plaintiff's claims and expert witnesses disclosed)

## <u>PLAINTIFF'S JURY INSTRUCTION Z</u>

**Consider Damages Only If Necessary**

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled.

However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

4 Modern Federal Jury Instructions-Civil P 77.01 (2019) ("Instruction 77-1 Consider Damages Only If Necessary")

## PLAINTIFF'S JURY INSTRUCTION AA

**Multiple Claims—Multiple Defendants**

I have one more cautionary instruction before I define the types of damages you may award, if you find that the plaintiff has proved liability according to the standards I have enumerated.

You should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim—he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

4 Modern Federal Jury Instructions-Civil P 77.01 (2019) ("Instruction 77-2 Multiple Claims—Multiple Defendants") (Edited for brevity and to avoid redundancy with subsequent instructions)

## <u>PLAINTIFF'S JURY INSTRUCTION BB</u>

**Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him or her for the damage suffered. Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for what he has suffered because of a defendant's conduct, including:

- the physical injury,
- pain and suffering,
- mental anguish,
- shock, and
- discomfort.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

4 Modern Federal Jury Instructions-Civil P 77.01 (2019) ("Instruction 77-3 Compensatory Damages") (Edited for brevity and to avoid redundancy with subsequent instructions)

## PLAINTIFF'S JURY INSTRUCTION CC

**Calculation of Past and Future Damages**

**a. damages accrued:**

A prevailing plaintiff is entitled to recover an amount that will fairly and adequately compensate him for any damages sustained to date.

**b. calculation of future damages:**

If you find that plaintiff is reasonably certain to suffer damages in the future from his injuries then you should award plaintiff such amount as you believe would reasonably compensate plaintiff for such future damages. (In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census.)

**c. reduction of future damages to present value:**

If you should find that the plaintiff is entitled to a verdict which is based in part on future damages, including future earnings or future pain and suffering, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damages, since the award of future damages necessarily requires that payment be made now for a loss that will actually not be sustained until some future date.

Under these circumstances, the result is that the plaintiff will, in effect, be reimbursed in advance of the loss and will have the use of money which he would not have received until a future date but for the verdict.

In order to make a reasonable adjustment for the present use, interest-free, of money representing a lump sum payment of anticipated future loss, the law requires that the jury discount or reduce to its present worth the amount of the anticipated future loss by taking, one, the interest rate or return which the plaintiff would reasonably expect to receive on the investment of a lump sum payment together with two, the period over which the future loss whatever that amount would reasonably be certain to earn or return if invested at such a rate of interest over such a future period.

Then you should include in your verdict an award for only the present worth, the reduced amount of the total anticipated future loss.

It is not as difficult as it may seem. For example, applying your common sense once again, let us say that a person offered you $100 a year for ten successive years, and that amounts to $1,000, 100 times 10. Now, ask yourselves, what would be the reasonable amount for you to demand and for you to expect him to pay you today that represents the present value of that commitment on his part to pay you $100 a year for ten consecutive years. To compute that figure you would want to know what the interest rate was on the amount that you would be receiving, and how many years you would be collecting that interest. You would make a determination thereby of the

present value of the future loss; and this instruction relates to those items of damages that relate to future loss, not to those items which relate to loss which has already occurred.

Regarding calculating the present value of future wages, you may apply one of two alternative methods. The first method expressly addresses the probable effect of inflation on both future wages and interest rates. Applying this method, you should consider the effect that both inflation and non-related inflation factors, such as increases in productivity and seniority, would have on the plaintiff's future income. Bear in mind that the plaintiff has the burden of proving the likelihood of increased wages stemming from increased productivity. Once their future wages are determined, they should then be discounted by a rate of interest not less than that being currently paid by banks on savings deposits.

The second method, which you may prefer due to its ease of application, determines present value by considering a world in which neither wages nor interest rates would be affected by inflation. Applying this alternative method, you should first determine the plaintiff's future income by considering only those increases in wages which the plaintiff has convinced you that he would have received in the absence of inflation; that is, raises due to increased skill, seniority, and similar factors. Such wages should then be discounted by a rate of interest that would prevail in a world without inflation. Although experts disagree on the subject, the court feels it wise to advise you that historical real interest rates have hovered between 1 and 3 percent. In determining the particular interest rate to apply, however, you are to consider all evidence which suggests that the discount rate will be other than this 1 to 3 percent figure.

**d. treatment of taxes:**

If you arrive at a verdict in favor of the plaintiff, you may not add any sum of money to the verdict for federal or state income taxes, as the sum recovered by plaintiff is not subject to tax.

4 Modern Federal Jury Instructions-Civil P 77.01 (2019) ("Instruction 77-4 Calculation of Past and Future Damages")

## PLAINTIFF'S JURY INSTRUCTION DD

**Punitive Damages**

If you should find that the Dr. Nwaokocha is liable for the plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages against Dr. Nwaokocha, but not Armor, if the plaintiff proves by a preponderance of the evidence that Dr. Nwaokocha's conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion—you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendant in fixing the amount of punitive damages.

4 Modern Federal Jury Instructions-Civil P 77.01 (2019) ("Instruction 77-5 Punitive Damages")
(modified for the claims of this case)

## <u>PLAINTIFF'S JURY INSTRUCTION EE</u>

**Mitigation of Damages**

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage he could have avoided through such reasonable effort. If the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity.

Bear in mind that the question whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

4 Modern Federal Jury Instructions-Civil P 77.01 (2019) ("Instruction 77-7 Mitigation of Damages")

## **PLAINTIFF'S JURY INSTRUCTION FF**

**Right To See Exhibits and Hear Testimony; Communications with Court**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

4 Modern Federal Jury Instructions-Civil P 78.01 (2019) 9" Instruction 78-1 Right To See Exhibits and Hear Testimony; Communications with Court")

## PLAINTIFF'S JURY INSTRUCTION GG

**Duty To Deliberate/Unanimous Verdict**

You will now return to decide the case. In order to prevail, the plaintiff (or defendant) must sustain his or her burden of proof as I have explained to you with respect to each element of the complaint. If you find that the plaintiff has succeeded, you should return a verdict in his or her favor on that claim. If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

4 Modern Federal Jury Instructions-Civil P 78.01 (2019) ("Instruction 78-3 Duty To Deliberate/Unanimous Verdict") (Edited for brevity and to avoid redundancy with subsequent instructions)

## PLAINTIFF'S JURY INSTRUCTION HH

**Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

4 Modern Federal Jury Instructions-Civil P 78.01 (2019) ("Instruction 78-6 Return of Verdict")((Edited for brevity and to avoid redundancy with subsequent instructions)

## <u>PLAINTIFF'S JURY INSTRUCTION II</u>

**Partial Verdict-Multiple Parties**

It is the desire of the court and of all the parties that you return a verdict on each of the plaintiff's claims against each of the defendants, if you can do so without violating your individual consciences.

However, if, after conscientious deliberations, you are only able to agree on a verdict concerning some of the parties (or some of the claims), you may return a verdict concerning only those parties (or those claims).

4 Modern Federal Jury Instructions-Civil P 78.01 (2019) ("Instruction 78-12 Partial Verdict-Multiple Parties")

## <u>PLAINTIFF'S JURY INSTRUCTION JJ</u>

**Negligence: Issues and Allocation of Burdens of Proof**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case against Dr. Nwaokocha are:

1. Whether John Kinlaw is entitled to recover against Dr. Nwaokocha for treating him with negligence:

   a. Was the defendant Dr. Nwaokocha negligent when treating plaintiff during November 19, 2016 through December 10, 2016?

   b. If he was negligent during November 19, 2016 through December 10, 2016, was his negligence a proximate cause of any of John Kinlaw 's damages?

2. Whether John Kinlaw is entitled to recover against Dr. Nwaokocha for treating him with gross negligence:

   a. Was defendant Dr. Nwaokocha grossly negligent when treating John Kinlaw at any time during his incarceration after his fall on November 19, 2016?

   b. If he was grossly negligent at any time during his incarceration after his fall on November 19, 2016, was his gross negligence a proximate cause of any of John Kinlaw's damages?

3. Whether John Kinlaw is entitled to recover against Dr. Nwaokocha for treating him with willful and wanton negligence:

   a. Was defendant Dr. Nwaokocha willfully and wantonly negligent when treating plaintiff at any time during his incarceration after his fall on November 19, 2016?

   b. If he was willfully and wantonly negligent at any time during his incarceration after his fall on November 19, 2016, was his willful and wanton negligence a proximate cause of any of John Kinlaw's damages?

On these issues Plaintiff John Kinlaw has the burden of proof.

4. If John Kinlaw is entitled to recover, what is the amount of his damages?

On this issue Plaintiff John Kinlaw has the burden of proof.

Your decision on these issues must be governed by the instructions that follow.

1 Virginia Model Jury Instructions - Civil Instruction No. 3.00 (2019) ("Negligence: Issues and

Allocation of Burdens of Proof") (modified for Plaintiff's claims in this case)

## PLAINTIFF'S JURY INSTRUCTION KK

**Findings Instruction**

1. For the claim of negligence, you shall find your verdict for John Kinlaw if he has proven by a preponderance of the evidence that:

   a. Dr. Nwaokocha was negligent when treating John Kinlaw during November 19, 2016 through December 10, 2016; and that

   b. Dr. Nwaokocha's negligence was a proximate cause of any of John Kinlaw's damages.

2. For the claim of negligence, you shall find your verdict for Defendants if:

   a. John Kinlaw has failed to prove either or both of the two elements above.

3. For the claim of gross negligence, you shall find your verdict for John Kinlaw if he has proven by a preponderance of evidence that:

   a. Dr. Nwaokocha was grossly negligent when treating John Kinlaw at any time during his incarceration after his fall on November 19, 2016; and that

   b. Dr. Nwaokocha's negligence was a proximate cause of any of John Kinlaw's damages.

4. For the claim of gross negligence, you shall find your verdict for Defendant Nwaokocha if:

   a. John Kinlaw has failed to prove either or both of the two elements above.

5. For the claim of willful and wanton negligence, you shall find your verdict for John Kinlaw is he has proven by a preponderance of evidence that:

   a. Dr. Nwaokocha was willfully and wantonly negligent when treating John Kinlaw during November 19, 2016 through December 10, 2016; and that

   b. Dr. Nwaokocha's willful and wanton negligence was a proximate cause of John Kinlaw's damages.

6. For the claim of willful and wanton negligence, you shall find your verdict for Defendant Nwaokocha if:

   a. John Kinlaw has failed to prove either or both of the two elements above.

1 Virginia Model Jury Instructions - Civil Instruction No. 3.050 (2019) ("Findings Instruction") (modified for Plaintiff's claims in this case)

## PLAINTIFF'S JURY INSTRUCTION LL

**Statewide Standard of Care for Health Care Providers**

 A doctor has a duty to use the degree of skill and diligence in the care and treatment of his patient that a reasonably prudent doctor in the same field of practice or specialty in this State would have used under the circumstances of this case. This is referred to as the standard of care.

 If a doctor fails to perform this duty, then he is negligent.

1 Virginia Model Jury Instructions - Civil Instruction No. 35.000 (2019) ("Statewide Standard of Care for Health Care Providers")

## PLAINTIFF'S JURY INSTRUCTION MM

**Standard of Care is the same in a prison setting**

The standard of care applicable to physicians is universal, and does not diminish when the setting is a prison rather than hospital.

See McDowell v. Brown, 392 F.3d 1283, 1296 (11th Cir. 2004) (stating, "[t]he standard of care applicable to nurses is universal, and does not diminish when the setting is a jail rather than hospital. Wexford has not given us a reason to differentiate between jail nurses and hospital nurses.")

## **PLAINTIFF'S JURY INSTRUCTION NN**

**Medical Perfection Not Required**

The fact that a doctor's efforts on behalf of his patient were unsuccessful does not, by itself, establish negligence.

1 Virginia Model Jury Instructions - Civil Instruction No. 35.040 (2019) ("Medical Perfection Not Required')

## PLAINTIFF'S JURY INSTRUCTION OO

**Proof of Negligence: Expert Testimony**

You must determine the degree of care that was required of the defendants by considering only the expert testimony on that subject.

1 Virginia Model Jury Instructions - Civil Instruction No. 35.050 (2019) ("Proof of Negligence: Expert Testimony")

## PLAINTIFF'S JURY INSTRUCTION PP

**Duty of physicians—continuing duty**

A physician cannot voluntarily abandon his patient and it was the duty of the defendant to continue his services to the plaintiff as long as they were necessary, and the duty of the defendant as set forth in Instruction No. LL continued throughout his treatment of the plaintiff.

VA. PRAC. JURY INSTR. – CIV. § 41:3 (October 2018) ("§ 41:3 Duty of physicians—continuing duty").

## **PLAINTIFF'S JURY INSTRUCTION QQ**

**Directions to patient**

If personal attention by the defendant was no longer necessary in treatment of the plaintiff but directions for his care were indicated, then it was the duty of the defendant to furnish the plaintiff with such directions. If you believe from a preponderance of the evidence that in discharging the plaintiff from further treatment, directions for his care were called for and that the defendant failed to give such directions, then the defendant was negligent. If you further believe from such evidence that any such negligence was the proximate cause of the injury suffered by the plaintiff, then you shall find your verdict in favor of the plaintiff.

VA. PRAC. JURY INSTR. – CIV. § 41:11 (October 2018) ("§ 41:11.Directions to patient").

## **PLAINTIFF'S JURY INSTRUCTION RR**

**Definition of Proximate Cause**

A proximate cause of an accident, injury, or damage is a cause that, in natural and continuous sequence, produces the accident, injury, or damage. It is a cause without which the accident, injury, or damage would not have occurred.

1 Virginia Model Jury Instructions - Civil Instruction No. 5.000 (2019) ("Definition of Proximate Cause")

## **PLAINTIFF'S JURY INSTRUCTION SS**

**Proximate cause—Precise injury need not be foreseen**

In order for a defendant's negligence to be the proximate cause of a plaintiff's injury, the defendant need not have anticipated or foreseen the precise injury sustained, but it is sufficient if an ordinarily careful and prudent person ought, under the same or similar circumstances, to have anticipated that an injury might probably result from the negligent acts.

VA. PRAC. JURY INSTR. – CIV. § 12:17 (October 2018) ("§ 12:17 Proximate cause—Precise injury need not be foreseen").

## PLAINTIFF'S JURY INSTRUCTION TT

**Damages resulting from two causes**

If you believe from a preponderance of the evidence that damage to the plaintiff resulted from two causes, and if you further believe from such evidence and the other instructions of the court that one of the causes was the proximate result of negligence of the defendant, if any, then the plaintiff is entitled to recover from the defendant that share of the damage that you believe has been proven within a reasonable degree of certainty to be attributable to the cause that was the proximate result of negligence of the defendant, if any.

VA. PRAC. JURY INSTR. – CIV. § 23:7 (October 2018) ("§ § 23:7.Damages resulting from two causes").

48

## PLAINTIFF'S JURY INSTRUCTION UU

**Aggravating original injury**

If you find by a preponderance of the evidence that defendant's treatment of plaintiff was negligent and, further, that plaintiff sustained additional, aggravating injuries from subsequent medical treatment of such original injury, as opposed to separate and distinct injuries from the subsequent treatment, then you shall find your verdict for the plaintiff.

VA. PRAC. JURY INSTR. – CIV. § 41:4 (October 2018) ("§ 41:4 Aggravating original injury").

## PLAINTIFF'S JURY INSTRUCTION VV

**Definition of Gross Negligence**

"Gross negligence" is that degree of negligence which shows such indifference to others as constitutes an utter disregard of caution amounting to a complete neglect of the safety of John Kinlaw. It is such negligence as would shock fair-minded people, although it is something less than willful recklessness.


1 Virginia Model Jury Instructions - Civil Instruction No. 4.030 (2019) ("Instruction No. 4.030 Definition of Gross Negligence")


Although "the term is difficult to define apart from the context of specific facts, Young v. Dyer, 161 Va. 434 (1933), it is apparent that it is closely related to, if not identical to, civil recklessness." Coppage v. Mann, 906 F. Supp. 1025, 1048 (E.D. Va. 1995) (citing Farmer v. Brennan, 511 U.S. 825, n. 4 (1994) (stating that "gross negligence," although a nebulous term, in practice essentially means civil recklessness)). "[G]ross negligence does not require a juror to find that Dr. [Nwaokocha] subjectively knew of a substantial risk; it is enough that Dr. [Nwaokocha] should have been aware of that risk." Coppage, 906 F. Supp. at 1049.

## PLAINTIFF'S JURY INSTRUCTION WW

**Definition of Willful and Wanton Conduct**

"Willful and wanton conduct" is acting consciously in disregard of another person's rights or acting with a reckless indifference to the consequences to another person when the defendant is aware of his conduct and is also aware, from his knowledge of existing circumstances and conditions, that his conduct would probably result in injury to another.

1 Virginia Model Jury Instructions - Civil Instruction No. 4.040 (2019) ("Definition of Willful and Wanton Conduct")

## PLAINTIFF'S JURY INSTRUCTION XX

**Verdict Not to be Based on Sympathy, Bias, Guesswork, or Speculation**

You must not base your verdict in any way upon sympathy, bias, guesswork, or speculation. Your verdict must be based solely upon the evidence and instructions of the court.

1 Virginia Model Jury Instructions - Civil Instruction No. 2.220 (2019) ("Verdict Not to be Based on Sympathy, Bias, Guesswork, or Speculation")

## **PLAINTIFF'S JURY INSTRUCTION YY**

**Amount Sued For Is Not Evidence**

Any amount of damages requested is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

1 Virginia Model Jury Instructions - Civil Instruction No. 2.180 (2019) ("Amount Sued For Is Not Evidence")

## **PLAINTIFF'S JURY INSTRUCTION ZZ**

**Reasonable Proof**

The burden is on the plaintiff to prove, by the greater weight of the evidence, each item of damage he claims and to prove that each item was caused by the defendant's negligence. He is not required to prove the exact amount of his damages, but he must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If the plaintiff fails to do so, then he cannot recover for that item.

1 Virginia Model Jury Instructions - Civil Instruction No. 9.010 ("Reasonable Proof") (2019)